

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Ernest Guinn
County Attorney
El Paso County
El Paso, Texas

Dear Sir:

Opinion No. O-5871
Re: (a) Power of Judge to call an
interpreter for each day court
is in session, irrespective of
whether there is or is not a case
in which interpreter is needed;
(b) Pay of grand jury bailiff;
(c) And limitation on number of
grand jury bailiffs appointed.

We have your request for an opinion from this
department, which is as follows:

"The Judge of the 34th District Court has in the
past had the same person acting as official interpreter
for his court and bailiff of the Grand Jury appointed
by him and has had this person draw pay for both jobs
for the same day. As a practical matter the person
so appointed has drawn pay for the week for each of
these jobs, seven days as bailiff for the Grand Jury
and six days as court interpreter. This matter was
called to my attention with the request that I advise
the Commissioners' Court whether or not this fell
within the constitutional prohibition of holding two
offices (Article 16, Section 40).

"You have previously given the opinion that a
bailiff falls within the prohibition of this section.
See Opinion 122, February 10, 1939.

"Under authority of your opinion and subsequent opinions relating to the same question I advised the District Judge and the County Auditor, who is called upon to pay the salaries, that in my opinion the same person could not draw pay as an interpreter and a bailiff for the same day's work. Would you please advise me whether or not this opinion is correct.

"The District Judge follows the practice of calling the interpreter for each day the court is in session irrespective of whether or not there are cases in which the interpreter may be used stating that he has need of an interpreter to answer inquiries, etc., of Spanish speaking people. Is the District Judge authorized to call an interpreter for such purposes each day and must the Commissioners' Court pay for such services?

"The practice has been followed of paying Grand Jury bailiffs at the rate of seven days per week while the Grand Jury meets only once a week, on Fridays. Is the District Judge authorized to issue a certificate for seven days or any day's pay for bailiff other than the day the Grand Jury meets or the actual time served by the bailiff in serving papers, etc.?

"Grand Jury bailiffs are covered by Article #367A, Code of Criminal Procedure.

"The Commissioners' Court would also like to know what limitation, if any, is placed on the courts under Article #367, Code of Criminal Procedure, to appoint one or more bailiffs to attend the Grand Jury and whether or not the Commissioners' Court may limit the number through its power over the appropriations?

"Interpreters are provided for under Article #733, Code of Criminal Procedure."

The matter of appointing, summoning, rate of compensation, method of pay, etcetera, of interpreters, about which you inquire, is governed, so far as the law of Texas is concerned, by statutory enactment.

The statutory enactments applicable to the questions asked by you concerning interpreters are these:

Article 733 of the Code of Criminal Procedure, which is as follows:

"When a witness does not understand and speak the English language, an interpreter must be sworn to interpret for him. Any person may be subpoenaed, attached or recognized in any criminal action or proceeding, to appear before the proper judge or court to act as interpreter therein, under the same rules and penalties as provided for witnesses. Such interpreters shall receive the same pay as interpreters receive in civil suits."

Article 3712 of Vernon's Annotated Statutes (which is now Rule 183 of the Rules of Civil Procedure) provides:

"The court may when necessary, appoint interpreters, who may be summoned in the same manner as witnesses, and shall be subject to the same penalties for disobedience."

Article 2372 of Vernon's Annotated Civil Statutes of Texas is as follows:

"The Commissioners' Courts of the various counties of this State are hereby authorized to pay for the services of interpreters employed by the various courts within their respective counties a sum not to exceed Five Dollars ($5) per day, which is to be paid out of the General Funds of the county upon warrants issued by the respective courts or clerks thereof in favor of the persons rendering such services; provided, however, that such interpreter shall be paid only for the time he is actually employed."

Article 2076 of Vernon's Annotated Civil Statutes of Texas (which deals with practice in district and county courts) provides as follows:

"In those civil suits wherein the services of an interpreter are used, $3.00 shall be charged and collected as part of the costs as interpreter's fees, to be paid when collected into the general funds of the county."

"It is a settled rule of statutory interpretation that statutes which deal with the same general subject, have the same general purpose, are related to the same person or thing or class of persons or things, are considered as 'in pari materia'. . . although they contain no reference to one another, and although they were passed at different times or at different sessions of the legislature."(See 39 Tex. Jur., pp. 253-254)

"A statute must be read in the light of other statutes on the same subject." (Hunter v. Whiteaker and Washington, 230 S.W. 1096, error refused)

It has been held in Texas that it is to be "inferred that statutes relating to the same subject have but one object in view, and are intended to be considered as constituting one entire and harmonious system." (See Walker v. State, 7 Cr. App. 245, 250; 32 Am. Rep. 595)

A statute's meaning may be made more clear by consulting the provisions of another statute along similar lines. (See Gaddy v. First National Bank, 283 S. W. 472, answering questions certified, 283 S. W. 277)

"In order to arrive at a proper construction of a statute, and determine the exact legislative intent, all acts and parts of acts in pari materia will, therefore, be taken, read and construed together, each enactment with reference to the other, as though they were parts of law." (39 Tex. Jur. pp. 254-255)

"To gather the legislative intention, a court is not confined to consideration of the immediate statute in question, but may look to other legislation in pari materia." (See Houston National Exchange Bank v. School District No. 25, 185 S. W. 589)

The "in pari materia" rule of legislative construction has for its purpose the carrying out of the full legislative intent by giving effect to the law and to all the law and provisions bearing upon the same subject matter. (See Urban v. Harris County, 251 S. W. 394, error refused; Wheeler v. Wheeler, 13 S. W. 305; Ex parte Morton, 113 Cr. Rep. 306, 21 S. W. (2d) 663)

The "in pari materia" rule of construction presupposes that all the several statutes pertaining to one subject are governed by one spirit and policy; it presumes that the several statutes are intended to be consistent with each other and harmonious in all their different provisions and parts. (Gulf C. & S. F. R. Co. v. Woods, Com. of Appeals, 290 S. W. 729, reversing 283 S. W. 659; Whittenberg v. Craven, Com. of Appeals, 258 S. W. 152, reversing 216 S. W. 851; Shelton v. Thomas, 11 S.W. (2d) 254; Wilson v. State, 117 Cr. Rep. 63, 36 S. W. (2d) 733; Walker v. State, 7 Cr. App. 245, 259, 32 Am. Rep. 595)

"The rule applies where one statute deals with a subject in comprehensive terms and another deals with a portion of the same subject in a more definite way." (See 39 Tex. Jur. 256, citing Ex parte Townsend, 64 Cr. Rep. 350, 144 S. W. 628)

Applying the "in pari materia" rule of construction to the foregoing quoted statutes, giving effect to all of these different statutes bearing upon the same subject matter, towit, the subject of interpreters, regarding them as statutes actuated by the same policy and imbued by the same spirit, and reading them together, each in the light of the other as though they were embraced in one act or were supplementary to each other, the several acts will be harmonized and each upheld and given effect. So construed, Rule 183 of the Rules of Civil Procedure, providing that "the court may when neces-sary appoint interpreters . . ." does not mean that the courts may arbitrarily decide when it is necessary to have an interpreter, but the necessity for the summoning of an interpreter is determined by the provisions of Article 733 of the Code of Criminal Procedure, which states, "when a witness does not understand and speak the English language, an interpreter must be sworn to interpret for him. . ."

The interpreter, when so appointed, will in a civil case be produced before the court as provided in Rule 183 of the Rules of Civil Procedure, that is, by being summoned in the same manner as witnesses, subject to the same penalties for disobedience as a witness would be sub-ject to for disobedience; and in a criminal case he would be produced before the court by being subpoenaed, attached or recognized in the particular criminal action or proceed-ing wherein it is necessary to have the services of an interpreter.

When the interpreter, necessary as aforesaid, has been produced before the court as above indicated, he shall in accordance with the provisions of Article 733 of the Code of Criminal Procedure be sworn to interpret for the witness who does not understand and speak the English language.

In the suit in which the interpreter is appointed, summoned, sworn, and whose attendance is compelled as above indicated, there shall be charged $5.00 as part of the costs as interpreter's fees, which when collected will be paid into the general funds of the county in accordance with Articles 2076 of Chapter 4, Title 42, of the Laws of Texas dealing with the practice in district and county courts.

Whether the case be civil or criminal the said interpreter, when so employed, shall be paid for his services a sum not to exceed $5.00 per day out of the general funds of the county upon warrants issued by the respective courts or clerks thereof in favor of the interpreter; always provided, however, that the interpreter shall be paid only for the time he is actually employed.

The sum to be paid the interpreter is to be fixed by the commissioners courts for the various counties in the State and must not exceed $5.00 per day. The matters set out in this and the preceding paragraphs is covered by Article 3372, heretofore quoted.

You say, "The District Judge follows the practice of calling the interpreter for each day the court is in session irrespective of whether or not there are cases in which the interpreter may be used stating that he has need of an interpreter to answer inquiries, etc., of Spanish speaking people." And you ask, "Is the District Judge authorized to call an interpreter for such purposes each day and must the Commissioners' Court pay for such services?"

The only authority by reason of which the district judge may appoint an interpreter, and have the interpreter summoned is when the appointment of such interpreter is necessary, that is, when there is a judicial proceeding pending before the judge in which there is a witness who does not understand and speak the English language, and in such case of course an interpreter must be sworn to interpret for him. Under the

circumstances indicated such interpreter should be paid out of the general funds of the county upon warrants issued by the court or clerk thereof, in favor of the interpreter rendering such service, such sum as the commissioners' court authorizes, not to exceed $5.00 per day; and such interpreter should be paid only for the time he is actually so employed.

Of course, the judge is privileged, as is any private citizen, to employ an interpreter upon such terms as may be mutually agreed upon for the purposes of answering inquiries, etc., of Spanish speaking people or of people who speak any foreign language, but such employment, if made, would be a matter of private contract and the commissioners' court would have no authority to pay said interpreter out of the public purse.

You have also asked whether the holding of the office of grand jury bailiff and the acting as court interpreter by the same person falls within the constitutional prohibition of holding two offices, as said prohibition is set forth in Article XVI, Section 40, of the Constitution of Texas.

In our opinion No. O-122, of February 10, 1939, we held that a grand jury bailiff held an office. We here reaffirm said opinion.

A grand jury bailiff is a "public officer."

But we do not consider an interpreter to be a public officer within the constitutional prohibition against the holding of more than one public office by one individual at the same time.

In the case of Foucher v. Enterprise Coal Mining Co., decided in 1916 by the Supreme Court of Iowa, and reported in 168 N. W. 06, the court said:

"It is contended that an interpreter is more than a mere witness, and that he is in a sense an officer of the court. We are inclined to think this is so under the circumstances of this case, . . ."

The above quoted statement of the Supreme Court of Iowa was obiter dicta, the case not being decided upon that point; moreover, said obiter dicta statement was a departure from the general rule of decision obtaining upon such matter in our courts.

In the case of Birmingham Railway Light & Power Co. v. Jung, 49 So. 434, 440, 161 Ala. 461, 18 Ann. Cas. 557, the court said:

"An interpreter is a witness for the purpose of interpreting testimony of others."

In the case of People v. Lendo, 64 P. 265, 266, 132 Cal. 199, the court said:

"An 'interpreter,' whether in the trial of a case in court or as an interpreter of a witness giving his deposition, must give his testimony under oath, and in either case an interpreter is a witness and distinguished from the person whose testimony he interprets. Thus his presence before a grand jury will not justify the setting aside of the indictment under a provision which provides for the setting aside of an indictment when a person is present other than the members of the grand jury and witnesses actually under examination." (Emphasis ours)

It is to be noted that the obiter dicta in the Poucher case above referred to went no further than to say that under the facts of that particular case the interpreter was "an officer of the court." There is a well understood distinction between the status of an "officer of the court" and a "public officer." Persons may be at one and the same time "officers of the court" and "public officers". All duly admitted and licensed attorneys at law in Texas are "officers of court". Being such an "officer of court" does not in any way disqualify such a person from being at the same time the public officer known as county attorney, district attorney, Attorney General, or a judge of the district or appellate courts; rather, being such "officer of court" is a necessary qualification for the holding of the named public offices.

Indeed, the very manner in which an interpreter acquires his status as such demonstrates that the interpreter is not a public officer. Upon being appointed interpreter he must attend court and act as such interpreter; he has no option about the matter. He is summoned as witnesses are summoned; that is, he comes under the sanction of a subpoena or an attachment or is recognized. He may be punished for contempt if he disobeys the process of law served upon him. Public officers in Texas are not thus inducted into office.

Texas has ample laws dealing with the subject of removal from office of public officers. Under the terms of the law relating to interpreters the courts may have summoned any qualified person to act as such. The court is not limited in its selection of an interpreter to any person or class of persons. We believe it entirely unreasonable to hold that an interpreter is a public officer and thus necessarily hold that the court by the simple device of having summoned as an interpreter the constable, the clerk, the sheriff, the county or district attorney, or any other public officer who happened to be within the court's jurisdiction could make such public officer vacate his office and be removed therefrom. We do not believe such to be the law; we certainly shall not be the first to so hold. Such holding would make meaningless and useless the statutes of Texas relating to the removal of public officers for cause. It is our duty to so interpret the statutes that full effect whenever possible may be given to each and all of them.

Inasmuch as we have held that an interpreter is not a public officer, it becomes unnecessary for us to pass upon the question asked by you as to whether or not the holding of the office of grand jury bailiff and serving as an interpreter falls within the constitutional prohibition of holding two offices, as this prohibition is set forth in Article XVI, Section 40, of the Constitution of Texas.

The matter of the pay of grand jury bailiffs is governed by the provisions of Article 1058, Vernon's Annotated Code of Criminal Procedure of the State of Texas, Revision of 1925. Said Article is as follows:

"Each walking grand jury bailiff appointed as
such bailiff shall receive as compensation for his
services the sum of Four Dollars ($4.00) for each
day he may serve, and each riding grand jury bailiff
appointed in counties of a population of one hundred
and fifty thousand (150,000) or more, according to the
last Federal Census, shall receive as compensation for
his services the sum of Six Dollars ($6.00) for each
day he may serve, and shall further receive One Dollar
($1.00) per day for automobile expense and upkeep;
provided, however, that not more than ten (10) such
bailiffs shall be employed at any one time, and pro-
viding further that the Sheriff or Deputy Sheriff
attending any county or District Court in counties
of over three hundred and fifty thousand (350,000)
according to the last preceding Federal Census shall
be paid the sum of Six Dollars ($6.00) for each day
the Sheriff or Deputy Sheriff shall serve in any of
such said Courts as bailiffs, and One Dollar ($1.00)
per day as automobile expense and upkeep for each day
he may use said automobile.

"The compensation herein provided for shall be
paid from the General or Jury Fund of the county
affected, as may be determined by the Commissioners
Court thereof, upon sworn accounts showing the Court
in which or the Grand Jury for which said Bailiff,
Sheriff, or Deputy Sheriff serves, with a statement
showing the dates on which the service was performed
and the amounts due. No such claim shall be paid until
approved by the foreman of the Grand Jury or the Judge
of the Court for which the service was performed, and
said claim shall be presented to the Commissioners
Court or to the County Auditor in counties having a
County Auditor, and shall be allowed in the manner
provided by law for so much thereof as may be found
due, and no warrant in payment of the amount due shall
be paid unless countersigned by the County Auditor, if
any."

This statute, if fully observed by all the parties
affected thereby, will at the same time secure to the bailiff
the full compensation allowed by law for his services, and will
guard the public treasury from the payment of unjust demands
upon it upon the part of any bailiff.

Before the bailiff may be paid he must make up a sworn account showing the grand jury for which he served, with a statement showing the date upon which the service was performed and the amount due.

This claim cannot be paid until approved by the foreman of the grand jury for which the service was performed.

And said claim shall be presented to the commissioners court or to the county auditor in counties having a county auditor, and then shall be allowed in the manner provided by law for so much thereof as may be found due.

The law further provides that the warrant in payment of the amount due shall not be paid unless countersigned by the county auditor in those counties having such officers.

In answer to your question wherein you ask, "Is the District Judge authorized to issue a certificate for seven days or any day's pay for bailiff other than the day the Grand Jury meets or the actual time served by the bailiff in serving papers, etc.?", we advise as follows:

That part of Article 1058 of Vernon's Annotated Criminal Statutes of the State of Texas, which has to do with the approval of bailiff's claims is as follows:

"No such claim shall be paid until approved by the foreman of the grand jury or the judge of the court for which the service was performed. . ."

Said Article 1058 deals with one subject, i. e., pay of bailiffs, but it deals with the matter of the pay of two general classes of bailiffs, i. e., grand jury bailiffs and sheriffs or deputy sheriffs attending any county or district court. The claims of the bailiffs who wait upon the named courts are to be approved by the judge of the court for which the service was performed. The claim of the grand jury bailiff shall be approved by the foreman of the grand jury for which the service was performed. This law does not contemplate that the judge of the court shall approve claims for pay of the grand jury bailiffs, nor that the foreman of the grand jury shall approve the claims for pay of the court's bailiffs.

The grand jury bailiffs are appointed to attend upon the grand jury. The duties of these grand jury bailiffs are fully set out in Article 368 of Vernon's Annotated Criminal Statutes of the State of Texas, Code of Criminal Procedure, Volume 1, and is as follows:

"A bailiff is to obey the instructions of the foreman, to summon all witnesses, and, generally, to perform all such duties as the foreman may require of him. One bailiff shall be always with the grand jury, if two or more are appointed."

The foreman of the grand jury is the one official who is peculiarly in position to know whether or not, and how and when the grand jury bailiff has performed the duties which he is required by law to perform. Hence the law reasonably provides as quoted, "No such claim shall be paid until approved by the foreman of the grand jury . . . for which the service was performed. . ."

On the other hand the services performed by the sheriff or deputy sheriff as bailiff in attendance upon any court would be peculiarly within the knowledge of the judge of that court and not within the knowledge of the foreman of the grand jury. Hence, as to such officer, it is our understanding that the law provides, "No such claim shall be paid until approved by the . . . judge of the court for which the service was performed. . ."

As to the number of days for which bailiffs may be paid, the law has nothing further to say than as is set out in said Article 1056, which is, "for each day he may serve." By Article 367 of the Code of Criminal Procedure (Vernon's Annotations) the authority to appoint bailiffs to attend upon the grand jury is given to the court. It is there provided:

"The court may appoint one or more bailiffs to attend upon the grand jury, and, at the time of appointment, the following oath shall be administered to each of them by the court, or under its direction: 'You solemnly swear that you will faithfully and impartially perform all the duties of bailiff of the grand jury, and that you will keep secret the proceedings of the grand jury, so help you God.'"

Honorable Ernest Quinn, page 13

The power given by law to the district court to appoint bailiffs to wait upon the grand jury may not in any manner be controlled by the commissioners court.

Very truly yours

ATTORNEY GENERAL OF TEXAS

APPROVED AUG 11, 1943

*[signature]*

FIRST ASSISTANT
ATTORNEY GENERAL

By *[signature]*

George F. Blackburn
Assistant

GFB:AMM

THIS OPINION
CONSIDERED AND
APPROVED IN
LIMITED
CONFERENCE